UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-220-TAV-DCP-3 |
| | ) | |
| LAMARCUS ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. Now before the Court is Defendant's pro se Motion for New Counsel [Doc. 281] and defense counsel's Motion to Withdraw as Attorney of Record [Doc. 290].

The parties appeared before the Court via videoconference for a motion hearing on January 11, 2021. Assistant United States Attorney Cynthia Davidson represented the Government.[1] Attorney Donny Young appeared on behalf of Defendant, who was also present. CJA Panel Attorney Corey Shipley was also present.

In his pro se Motion for New Counsel [Doc. 281], Defendant outlines his concerns regarding Attorney Young's representation, including an alleged lack of communication and response from Attorney Young. In his Motion to Withdraw [Doc. 290], Attorney Young states that he has made efforts to address Defendant's concerns, including discussing the applicable COVID-19 protocols with Defendant and his family, but feels that the attorney-client relationship is irretrievably broken.

---

[1] AUSA Davidson participated telephonically.

During the January 11 video conference, the Court conducted a sealed, *ex parte* hearing in order to learn the nature and extent of the problems with the attorney-client relationship. Attorney Young and Defendant explained in more detail the basis of their motions, and the Court questioned Defendant regarding his request for new counsel.

Based upon the representations of Attorney Young and Defendant during the hearing, the Court finds that the trust necessary for the attorney-client relationship is irretrievably broken and the ability to communicate is significantly eroded. Accordingly, the Court finds that good cause exists to grant the request for substitution of counsel. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

Therefore, Defendant's pro se Motion for New Counsel [**Doc. 281**] and defense counsel's Motion to Withdraw as Attorney of Record [**Doc. 290**] are **GRANTED**, and Attorney Young is **RELIEVED** as counsel of record for Defendant. However, Defendant is **INSTRUCTED** that he is not allowed to file pro se motions on his own behalf while represented by counsel. At the end of the hearing, Attorney Shipley agreed to accept representation of the Defendant if the present motion was granted. The Court therefore and hereby **SUBSTITUTES and APPOINTS** Attorney Shipley under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant. Attorney Young is **DIRECTED** to turn over all discovery and the Defendant's file to Attorney Shipley.

Accordingly, it is **ORDERED**:

> (1) Defendant's pro se Motion for New Counsel [**Doc. 281**] and defense counsel's Motion to Withdraw as Attorney of Record [**Doc. 290**] are **GRANTED**;
>
> (2) Attorney Young is **RELIEVED** of further representation of Defendant and is **DIRECTED** to provide new defense counsel with the discovery and information from Defendant's file as soon as possible; and

2

(3) Attorney Corey Shipley is **SUBSTITUTED and APPOINTED** as counsel of record for the Defendant pursuant to the CJA.

**IT IS SO ORDERED**

ENTER:

*[signature]*
Debra C. Poplin
United States Magistrate Judge